**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**WILHY HARPO,**

                    **Plaintiff,**

      **v.**                                  **1:16-cv-3965-WSD**

**DANIEL J. CRAIG, Judge,
Richmond County Superior Court,
et al.,**

                    **Defendants.**

**WILHY HARPO,**

                    **Plaintiff,**

      **v.**                                  **1:16-cv-4028-WSD**

**SHAWN ELLEN LAGRUA, Judge,
Fulton County Superior Court;
Official and Individual Capacities, et
al.,**

                    **Defendants.**

**<u>OPINION AND ORDER</u>**

This matter is before the Court on required frivolity review, pursuant to 28 U.S.C. § 1915(e)(2)(B), of Plaintiff Wilhy Harpo's ("Plaintiff") Complaints filed in civil action numbers 1:16-cv-3965-WSD ("October 24th Action"), and 1:16-cv-4028 ("October 27th Action").

## I.     BACKGROUND

These are the latest in a series of actions filed in this Court by Mr. Harpo in which he seeks relief from a dispossessory action brought against him by Broadstone Maple, LLC ("Broadstone") in the Magistrate Court of Fulton County, Georgia.  The Court has remanded each previous case for lack of subject matter jurisdiction.  See, e.g., Order, Broadstone Maple, LLC v. Alexander Corporate Accommodations, LLC, No. 1:16-cv-2774-WSD (N.D. Ga. August 2, 2016) (Doc. 4).  Because Plaintiff is a frequent filer of frivolous lawsuits, the Court has previously ordered him "to disclose his full litigation history in any civil rights complaint and/or [IFP] affidavit that he files."  See, e.g., Williams v. Harpo, No. 1:16-cv-12225-WSD (N.D. Ga. 2016) (ECF No. 2 at 2); Harpo v. City of Atlanta, No. 1:16-cv-1067-WSD (N.D. Ga. 2016) (ECF No. 2 at 1-2); Harpo v. City of Atlanta, No. 1:14-cv-2157-WSD (N.D. Ga. 2014) (ECF No. 2 at 1-2); Harpo v. Fulton Cty. Sheriff, No. 1:14-cv-2208-WSD (N.D. Ga. 2014) (ECF No. 2 at 1-2).  It appears Plaintiff has complied with that requirement in filing these actions.

In these actions, which contain substantially similar allegations to one another and to Harpo's previous filings, Defendant again seeks to challenge a dispossessory action brought by Broadstone in the Magistrate Court of Fulton County, Georgia.   (See October 24th Action, [3] at Prayer for Relief).  Harpo

2

seeks an emergency restraining order or injunction suspending the execution of a writ of possession issued by the Fulton County Magistrate Court.  (Id.; October 27th Action, [3] at 6).  Harpo also seeks an order stating that Judges Shawn LaGrua and Judge Daniel J. Craig do not have authority to preside over pending actions concerning Harpo.  (October 27th Action, [3] at 7).  Harpo also asserts over a dozen claims against Judge LaGrua, Judge Craig, the Fulton County District Attorney, the Richmond County District Attorney, the State Bar of Georgia, and the Governor of Georgia (together, "Defendants").  These claims include violations of state and federal RICO laws, false arrest, false imprisonment, libel, slander, excessive force, conspiracy to deny access to courts, terroristic threats, and "other claims."  (Id. at 6).  Harpo seeks $1,000,000 in damages, and $2,000,000 in damages specifically from Judge Craig.  (Id.; October 24th Action, [3] at 8).

## II.   DISCUSSION

   A.   Legal Standard

   A court must dismiss a complaint filed *in forma pauperis* if at any time the court determines the action is frivolous or malicious or that it fails to state a claim on which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(i)-(ii).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H&S, Inc.,

366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).  Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Review for frivolousness, on the other hand, "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).  A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'"  Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (quoting Neitzke, 490 U.S. at 327).

4

Plaintiff filed his Complaints *pro se*.  "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted).  Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure.  See Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005).  "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief."  Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007).  "[A] district court does not have license to rewrite a deficient pleading."  Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

B.     Analysis

Harpo's complaints attempt to challenge a state-court dispossessory action. To the extent Harpo seeks to remove the state-court action, as explained in the Court's previous orders, the Court lacks subject matter jurisdiction over it.  The Court takes judicial notice of Broadstone's complaint, which Harpo previously provided the Court in Broadstone Maple v. Harpo, No. 1:16-cv-1661.  The complaint shows that Broadstone asserts a dispossessory claim and does not allege federal law claims.  That Harpo asserts defenses or counterclaims based on federal

5

law cannot confer federal subject-matter jurisdiction over this action.  See

Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc.

v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002).  Removal is

not proper based on federal question jurisdiction.[1]  The Court would also lack

diversity jurisdiction over any attempted removal, because Broadstone's

complaint, which only seeks ejectment and past due rent and fees, does not

establish that the amount-in-controversy exceeds $75,000.  See Novastar Mortg.

Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361 (N.D. Ga. 2001), aff'd, 35 F. App'x

585 (11th Cir. 2002) (a court must look to the complaint to determine the amount-

in-controversy, and a claim seeking ejectment cannot be reduced to a monetary

---

[1]     To the extent Defendant claims removal under 28 U.S.C. § 1443 based on
the bias of state court judges, his allegations fall short of the specific language of
racial equality that section 1443 demands.  See Kopec v. Jenkins, 357 F. App'x
213, 214 (11th Cir. 2009) (quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966));
see also 28 U.S.C. § 1443 (providing exception to the well-pleaded complaint rule
for removal of an action that is "[a]gainst any person who is denied or cannot
enforce in the courts of such State a right under any law providing for the equal
civil rights of citizens of the United States"); Rachel, 384 U.S. at 788 (Section
1443 requires defendant to show "both that the right upon which they rely is a
'right under any law providing for . . . equal civil rights,' and that they are 'denied
or cannot enforce' that right in the courts of Georgia."); Novastar Mortg., Inc.
v. Bennett, 173 F. Supp. 2d 1358, 1362 (N.D. Ga. Nov. 5, 2001) ("There is no
cognizable claim for a civil rights violation presented in this case . . . [because]
[t]here is no reference in any pleading to 'any law providing for the equal civil
rights of citizens of the United States, or of all persons within the jurisdiction
thereof.'").  Jurisdiction is not proper based on 28 U.S.C. § 1443.

sum for purposes of determining amount-in-controversy); Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 29, 2008) ("[A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement.").

To the extent the dispossessory action has been completed and Harpo seeks to have the Court find that the proceeding was wrongful and overturn a writ of possession issued by a state court, the Court lacks jurisdiction under the Rooker-Feldman doctrine to do so. Doe v. Fla. Bar, 630 F.3d 1336, 1341 (11th Cir. 2011) (Federal district courts "generally lack jurisdiction to review a final state court decision.") (citing D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983) & Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923)).

Further, Harpo's claims against Judges LaGrua and Craig are clearly baseless. Harpo claims Judges Craig and LaGrue "committed perjury," when they secured "wrongful conviction[s]" to prevent Harpo from suing the Richmond County and Fulton County governments for racial discrimination. He claims the judges thereafter refused to recuse themselves from cases they presided over in

7

which Harpo was a party.  "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005) (internal quotation marks omitted) (quoting Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir.2000)).  Harpo does not show the judges acted in the clear absence of all jurisdiction.

To the extent Harpo raises claims against the district attorneys of Richmond County and Fulton County, prosecutors have absolute immunity from damages in Section 1983 actions for their prosecutorial actions.  Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976) (holding that a state prosecuting officer had absolute immunity under § 1983 when initiating a prosecution and when presenting a state's case); Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000) (extending immunity to federal prosecutors in Bivens actions).[2]

---

[2]    Finally, Harpo raises conclusory assertions that the Governor of Georgia and the State Bar of Georgia "have had direct and superior knowledge of the same said facts, but have refused to terminate" or otherwise take any action against Judge Craig.  (October 24th Action, [3] at 5).  Because the Court finds Harpo's claims against the judges clearly baseless, his apparent supervisory liability claims against the Governor and the State Bar are also baseless.

8

The Court finds Harpo's claims are clearly baseless, and this action is dismissed pursuant to the required frivolity review under 28 U.S.C. § 1915(e)(2)(B).  <u>Carroll</u>, 984 F.2d at 393.

**III.    CONCLUSION**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).


**SO ORDERED** this 3rd day of February, 2017.


WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

9